UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAGESSHOR BHANDARI,

Petitioner,

v.

CHRISTOPHER CHESNUT, et. al,

Respondents.

No. 1:26-CV-00074-DJC-DMC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 4.

Petitioner states he is an asylum seeker who fled Nepal. See ECF No. 1, pg. 1. Petitioner was initially detained and released on parole by Customs and Border Patrol (CBP) on September 10, 2024. See id. Petitioner asserts he was denied due process when he was re-detained on December 19, 2025, without notice or a pre-deprivation bond hearing. See id. at 2. The District Judge ordered Respondents to show cause addressing whether there were any factual or legal issues in this case that would justify denial of a preliminary injunction and rendered it distinguishable from the Court's prior orders in Singh v. Andrews, No:25-cv-01543-DJC-SCR; Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK; Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD; Souza v. Robbins, No. 1:25-cv-01597-DJC-JDP. See ECF No. 5.

Respondents filed an opposition to injunctive relief and requested 180-day time period to respond to the petition. See ECF No. 6. The District Judge found Respondents did not distinguish the facts from the cited cases, converted the motion to a motion for preliminary injunction, granted a preliminary injunction, and ordered:

> Respondents are ORDERED to immediately release Petitioner Jagesshor Bhandari from their custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

ECF No. 7.

The matter was referred to the undersigned for further proceedings. On January 13, 2026, the Court ordered Respondents to respond within 60 days and specifically directed Respondents to include documents relevant to the determination of issues presented in the habeas petition. See ECF No. 8. Respondents filed an answer, asserting that "Petitioner's detention was lawful." ECF No. 9, pg. 1. Petitioner filed a reply. See ECF No. 10.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 7, and in other cases, see Sarfaraz Mohammed, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at

issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE